IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:11cv370-MHT |
| ) | |
| TALLAPOOSA COUNTY, ) | |
| ) | |
| Defendant. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Gene Coggins, a frequent litigator in this court,[1] seeks leave pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* in this action (Doc. # 2). Assuming the truth of the averments in plaintiff's supporting financial affidavit, the document establishes economic eligibility for IFP status. Because it is abundantly clear that plaintiff's claims are due to be dismissed on the merits as frivolous, the court chooses – in this case – not to set a hearing to explore further plaintiff's representations to the court and his allegation of poverty.[2,3]

---

[1] Plaintiff has filed 57 cases in this district.

[2] See Coggins v. Crouch, Civil Action No. 3:09cv64-MHT (Doc. # 2, 4, 11-14) and Coggins v. Town of Jackson's Gap, 3:09cv65-WKW (Doc. # 2, 5, 6, 8, 10, 16).

[3] The Eleventh Circuit's direction to the district court in Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305 (11th Cir. 2004) suggests that it may no longer be necessary to reach a motion to proceed *in forma pauperis* where the Clerk has docketed the case, and the court has reviewed it and has determined that the plaintiff's claims are frivolous. Id. at 1308 ("If the district court determines that Martinez is not eligible to proceed *in forma pauperis*, the reasons for that denial should be explained in its order. Alternatively, should the district court find the complaint frivolous, it should affirmatively indicate that conclusion for our benefit on review."); see also id. ("[B]ecause the district court's order contained no explanation as to why Martinez's motion [to proceed *in forma pauperis*] was denied, it is unclear whether the denial was based on her failure to satisfy the poverty requirement or because her complaint was frivolous."); Cf. Burlison v. Rogers, 311 Fed. Appx. 207

Accordingly, it is

ORDERED that plaintiff's motion to proceed *in forma pauperis* (Doc. # 2) is GRANTED, based solely upon the facts alleged on the face of the affidavit. Upon its review of the complaint, the court concludes that this action is due to be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[4]

Plaintiff, proceeding *pro se*, brings claims against "THE TALLAPOOSA COUNTY COURT SYSTEM AND COMMISSIONERS FOR FAILU[R]E TO PROTECT MY PROP[]ERTY AND 'THE BRIDES OF CHRIST MISSION, INC',, A NON-PROFIT CHURCH WITH[]IN THIS COUNTY, ACCORDING TO MY GUARANTEED CONSTITUTION[AL] RIGHTS[.]" (Complaint, p. 1)(emphasis in original).[5] He alleges

---

(11th Cir. Aug. 29, 2008)(unpublished opinion), *cert. denied* 129 S.Ct. 2004 (2009)(without discussing the *in forma pauperis* motion, affirming district court's *denial* of motion to proceed *in forma pauperis* and *sua sponte* dismissal of § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). The 1996 amendment to § 1915 allowing dismissal of a complaint on the grounds set forth in § 1915(e)(2)(B) "at any time," arguably permits dismissal before a ruling on the IFP motion. See text of statute at n. 4, *infra*. However, for the sake of efficiency, the undersigned has followed the court's pre-amendment practice of addressing the IFP motion before reaching the merits in the instant case, without prejudice to any future decision to revisit this practice.

[4] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[5] In the present complaint, plaintiff does not identify the location of the property that the defendants have allegedly failed to protect. It appears likely, however, that this case – like others plaintiff has filed in this court – involves plaintiff's longstanding dispute with his relatives over the use of property located at 242 and 267 High Top Circle in Jackson's Gap, Alabama. In Coggins v. Tallapoosa County, Civil Action No. 3:10cv73-MHT, for example, plaintiff alleged that the county had violated his constitutional right to due process by refusing to "protect this property at 242 & 267 high top circle, by protecting other family members, and allowing them to live as squatters on my

that the Tallapoosa County court failed to take action in the 2007 and 2009 cases he filed regarding the property – even after he filed "Certified copy of all Deeds and Corporation paper work" – and that, "[i]n 2010, the Commissioners were notified about this" and failed to respond to plaintiff's 2010 request for "their help in getting this settled." (Complaint, ¶¶ 9-11). He seeks a judgment in the amount of $1,000,000.00 "for every month any unauthorized person or property is left on my or the Church property," plus a "monthly fee" of $100,000.00 per month since September of 2007 and treble damages "on every appeal or court hearing." (Complaint, p. 3, *ad damnum* clause).

Plaintiff's complaint is due to be dismissed with prejudice, for two reasons. First, plaintiff declares, under penalty of perjury, that he owns no home or real estate or other assets of any value. (Doc. # 2, Declaration in support of motion to proceed *in forma pauperis*, ¶ 5).[6] Thus, any constitutional rights that the Tallapoosa County court and/or commissioners may have violated by failing to protect the property at issue do not belong to plaintiff. Second,

---

and the Church's property[.]" (Complaint in 3:10cv73-MHT at p. 2).

[6] It is evident, from plaintiff's allegations regarding certified copies of deeds and "unauthorized person[s] or property" being left on "[his] or the Church property," that the property at issue here is real property. In view of plaintiff's averment that he owns no real property, the court will not allow plaintiff an opportunity to amend the complaint because he cannot assert – consistent with Fed. R. Civ. P. 11 – that the property at issue in this action belongs to him. For the same reason, plaintiff's claims arising from injury to his ownership rights in real property are due to be dismissed with prejudice. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)(Section 1915 gives the court the "'unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'")(citation omitted); Clark v. Maldonado, 288 Fed. Appx. 645, 646 (11th Cir. 2008)(a court may not dismiss a complaint with prejudice without first giving the plaintiff a chance to amend "if a more carefully drafted complaint might state a claim").

as a matter of law, the administration and operation of the courts is a function of the State of Alabama, not of the individual counties within which the courthouses are located. See *e.g.*, Ala. Code, §§ 12-11-1, 12-11-2, 12-12-1, and 12-17-1, *et seq*. Thus, the Tallapoosa County commissioners have no authority or responsibility to control the actions of the courts, and plaintiff's claim against the "Tallapoosa County Court System" – which acts only as an arm of the State of Alabama – is barred by the Eleventh Amendment. See Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation, 49 F.3d 1490 (11th Cir. 1995)(Eleventh Amendment bars § 1983 action against a state absent the state's consent or waiver or Congressional abrogation of the immunity; Congress has not abrogated Eleventh Amendment immunity in § 1983 cases and Alabama has not waived its immunity).

A claim which "lacks an arguable basis in law or in fact" is frivolous. Nietzke v. Williams, 490 U.S. 319, 320 (1989). Plaintiff's claims are frivolous and, as to the court, are also barred by the state's sovereign immunity. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before June 15, 2011. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the

District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 1st day of June, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE